IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY

DOREEN O'MALLEY, CASE NO: ____________________

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant.

_________________________________/

**COMPLAINT FOR DAMAGES**

The Plaintiff, DOREEN O'MALLEY, sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD ("RCCL"), and alleges:

JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action for damages in excess of this Court's minimum jurisdictional limits exclusive of interest and costs.

2. The Plaintiff was a passenger on the ship M/S ANTHEM OF THE SEAS, owned, operated, maintained, and possessed by RCCL for a 12-night Western Caribbean cruise that departed New Jersey on January 25, 2016.

3. Defendant, RCCL, is a Liberian corporation which is registered and authorized to do business in Florida with an office and agents in Miami, Florida where it regularly conducts business under the trade name Royal Caribbean Cruise Lines. RCCL's principal place of business is Miami-Dade County, Florida. RCCL is a citizen of Miami-Dade County, Florida.

4. Plaintiff is a citizen and resident of North Kingstown, Rhode Island.

5. Jurisdiction is proper in this Court as this matter arises under admiralty jurisdiction and there is complete diversity pursuant to *28 U.S.C. 1332*. Moreover, venue lies exclusively in this Court pursuant to RCCL's cruise tour ticket contract forum selection clause which provides that all disputes arising in connection with the cruise shall be litigated in United States District Court for the Southern District of Florida located in Miami- Dade County.

6. The Defendant, RCCL, held itself out to the public in general, its passengers, and the Plaintiff, in particular, as providing a cruise ship reasonably safe for its passengers. This included the common areas such as the roller skating rink.

7. The Plaintiff has complied with any and all conditions precedent, including the notice provisions of the guest ticket contract and/or contract of carriage or passage as well as the statute of limitations contained therein. By agreement the deadline for filing suit has been extended until late June, 2017.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. On or about January 27, 2016 Ms. O'Malley suffered a serious ankle fracture while roller skating aboard the vessel within a designated roller rink when ping pong balls from an open balcony level within the subject area where people played ping pong fell onto the roller skating rink, created a hazardous and dangerous condition for passengers using the skating rink.

9. Ms. O'Malley was a very experienced roller skate enthusiast and this accident was preventable by the simple use of a net above the rink to prevent ping pong balls falling from the balcony onto the rink, a likely common occurrence when people played ping pong in the designated balcony area above the skating rink.

10. There was neither netting to prevent foreign objects from falling onto the skating rink surface; nor a warning sign to skaters to indicate that there was the potential for ping pong balls falling onto the skating surface; nor was there any attempt by the ship's crew member in attendance at the skating rink to remedy the dangerous condition created by ping pong balls falling onto the skating surface before somebody was injured as a result.

11. As a result of ping balls on the skating surface Ms. O'Malley was caused to fall and suffer a severe ankle fracture for which surgery was required; further surgery has been recommended.

12. As a direct and proximate result of the negligence of the Defendant as more particularly set forth below, the Plaintiff has sustained damages as more particularly set forth below.

CLAIM AGAINST RCCL — NEGLIGENCE

13. The Plaintiff adopts and realleges paragraphs 1 through 12 and further alleges:

14. Defendant, RCCL, as a cruise ship transporting paying passengers, had the non-delegable duty of ordinary care to act reasonably under the circumstances with respect to the safety of its passengers while aboard the cruise ship. In addition, Defendant, RCCL, undertook to exercise reasonable care with respect to the maintenance of the common areas, including the roller skating rink. Consequently, Defendant, RCCL, had the non-delegable duty to provide reasonable care with respect to providing reasonably safe premises, including the common areas, for use by its passengers who could foreseeably become injured in the event that the common areas, were hazardous. This duty included the duty to prevent or correct hazardous conditions and to adequately warn of hazardous conditions until they could be corrected about which it knew or should have known. Defendant, RCCL's duty was owed to passengers such as Ms. O'Malley who

could foreseeably become injured while skating if the rink was not properly maintained. Ms. O'Malley had no knowledge that there was a hazardous condition existing in the area. The hazardous condition was known to the defendant and had existed for a sufficient length of time to constitute constructive knowledge of the condition. Moreover, the defendant knew of the dangerous condition, ignored the condition and should have taken steps to correct the problem without allowing persons to be exposed to the falling ping pong balls or at a minimum warning of the hazard.

15. Defendant, RCCL, breached its duty of care in any, some, or all of the following ways:

a. Failed to utilize proper, appropriate and reasonable practices to prevent foreign objects from falling onto an area provided for the recreational use of its passengers;

b. Failing to provide netting above the skating rink to prevent foreign objects from falling onto the skating surface;

c. Failing to close the skating rink to allow time to remove and/or prevent hazards caused by foreign objects on the skating surface.

d. Negligently failed to have in place policies and procedures and/or follow policies and procedures in connection with maintaining a safe environment for skaters using the rink.

16. As a direct and proximate result of the negligence of the Defendant, RCCL, Ms. P O'Malley has sustained serious and permanent injuries. The Plaintiff make the claims for damages set forth more particularly below.

<u>CLAIMS FOR DAMAGES</u>

17. As a direct and proximate result of the negligence of the Defendant as set forth above, Ms. O'Malley has in the past and will in the future continue to suffer the following damages:

a. Bodily injury;

b. Pain and suffering;

c. Disability;

d. Disfigurement;

e. Loss of the capacity for the enjoyment of life;

f. Medical and hospital care and expenses;

g. Loss of earnings;

h. Loss of earning capacity in the future;

i. Rehabilitation expenses; and,

j. Mental distress.

WHEREFORE, the Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, exclusive of interest and costs.

DEMAND FOR JURY TRIAL

Plaintiff respectfully demand a jury trial for all claims so triable.

Dated: April 3, 2017.

Respectfully submits,

PENNEKAMP LAW, P.A.
Attorneys for Plaintiff
2811 SW 3rd Ave. (Historic Coral Way)
Miami, FL 33129
305.860.4445 office / 866.353.5529 fax

By *_/s/ Tom Pennekamp_*
TOM PENNEKAMP
Fla. Bar No. 860840
pleadings@