United States District Court
for the
Southern District of Florida

| Doreen O'Malley, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 17-21225-Civ-Scola |
| | ) | |
| Royal Caribbean Cruises, Ltd., | ) | |
| Defendant. | ) | |

### **Order Denying the Defendant's Motion for Summary Judgment**

Plaintiff Doreen O'Malley seeks to recover damages for physical injuries she sustained while a passenger onboard one of Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean's") ships. This matter is currently before the Court on Royal Caribbean's corrected motion for summary judgment. (Def.'s Mot., **ECF No. 32**). O'Malley has opposed the motion (Pl.'s Resp., ECF No. 36) and Royal Caribbean has replied to that opposition (Def.'s Reply, ECF No. 38). For the reasons set forth below, the Court **denies** Royal Caribbean's motion.

1. **Background**

O'Malley was a passenger on a twelve-night western Caribbean cruise that left from New Jersey in January 2016. A few days after departing, O'Malley, a self-described "very experienced roller skate enthusiast" (Compl. ¶ 9, ECF No. 1), was roller skating on the ship's roller rink. On a balcony overlooking the rink, people were playing table tennis and, from time to time, ping-pong balls from this area would fall onto the rink below. While she was skating, O'Malley encountered some of these ping-pong balls. On a video supplied by Royal Caribbean, O'Malley can be seen picking up one or two of the balls and trying to throw them back up to the balcony above. At some point, after throwing a ball or two up towards the balcony, O'Malley fell, allegedly suffering a severe ankle fracture that required at least one surgery. Through her deposition testimony, O'Malley says she fell as a result of a ping-pong ball under her skate. (O'Malley Dep. 81:1–2, ECF. No. 32-2, 21.) O'Malley filed this lawsuit against Royal Caribbean, asserting one count of negligence based on Royal Caribbean's failure to prevent or address the hazard created on the rink when the ping-pong balls fell from the balcony. According to O'Malley, Royal Caribbean knew about the danger posed by the ping-pong balls, failed to address the danger, and failed to warn its passengers about the danger.

## 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov. 22, 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

## 3. Analysis

In its motion for summary judgment, Royal Caribbean argues it is not liable for O'Malley's injuries because (1) O'Malley has not presented any evidence that Royal Caribbean had notice of the dangerous condition that she alleges led to her injury; and (2) even if Royal Caribbean did have notice, Royal Caribbean had no duty to warn O'Malley of the dangerous condition because it was open and obvious.[1] O'Malley counters that she did, in fact, present

---
[1] Royal Caribbean contends, for the first time in its reply, that "[t]here is no evidence in the record that a ping[-]pong ball under her skate caused [O'Malley] to fall." (Def.'s Reply, ECF No. 38, 6.) The Court declines to consider an issue a party raises for the first time in a reply when the opposing party is not afforded an opportunity to respond. In any event, as Royal Caribbean

evidence showing Royal Caribbean had notice of the dangerous condition and that the dangerous nature of the ping-pong balls on the rink floor was not readily apparent. After careful review, the Court finds O'Malley has carried her burden of setting forth facts that raise genuine issues for trial with respect to both issues.

### A. There is a genuine issue of material fact with respect to whether Royal Caribbean had notice of the dangerous condition.

Royal Caribbean points to Eleventh Circuit case law that requires, under federal maritime law, a finding of actual or constructive notice of a dangerous condition before a cruise ship can be held liable for negligence. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing y *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) and *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). As explained by Royal Caribbean, in the Eleventh Circuit, notice cannot be imputed to a cruise-ship operator just because the operator itself created and maintained the defect. *Pizzino*, 709 F. App'x at 565 (again citing both *Everett* and *Keefe*). Thus, says Royal Caribbean, where there is no evidence in the record that a cruise-ship operator had any notice of a risk-creating condition, summary judgment is appropriate.

The Court agrees with Royal Caribbean's assessment of the law. However, in applying these principles to this case, the Court finds O'Malley has pointed to sufficient facts to get her past summary judgment on this point. Contrary to Royal Caribbean's position, evidence of notice is not limited to prior accidents reports of substantially similar incidents, comments or complaints from other passengers, or reports from safety inspections that would alert a cruise-ship operator to a potential safety concern. (Def.'s Mot. at 12.) This is especially so when, as here, a plaintiff presents evidence that a defendant had actual awareness of a risk-creating condition on a ship.

To begin with, regarding Royal Caribbean's notice, there does not appear to be any dispute that Royal Caribbean was aware that ping-pong balls frequently fell onto the skating rink from the balcony above. (*E.g.*, Pl.'s Stmt. of Undisputed Material Facts ¶ 1, ECF No. 37, 1 (citing Royal Caribbean employee testimony that the balls fell onto the skating surface "quite frequent[ly]" (Ciaran Villa Dep. 28:2–19, ECF No. 37-3, 5) and "numerous times" (Alana Milne Dep. 42:4–20, ECF No. 37-2, 9).) Of course Royal Caribbean's notice of the mere presence of the balls on the rink floor is not enough. Instead, O'Malley must show that Royal Caribbean had notice that the balls posed an actual danger.

---

itself acknowledges, O'Malley testified during her deposition that she fell as a result of "a ping-pong ball under [her] skate." (Def.'s Mot. at 3.)

Ordinarily, in the absence of prior similar accidents, this might be difficult for O'Malley to do. However, here, Royal Caribbean's Chief Safety Officer, Chris Bean, acknowledged, during his deposition, that "ping[-]pong balls should not be on the skating surface . . . because they pose a hazard to the skaters." (Bean Dep. 51:4–11, ECF No. 36-4, 4.) This is direct evidence that Royal Caribbean had actual notice of the risk-creating condition that O'Malley says caused her fall. Further, Ciaran Villa, a Royal Caribbean sports staff member, testified that sports staff, as part of their jobs, would generally pick up anything, presumably including ping-pong balls, that fell onto the rink "for safety." (Villa Dep. at 27:13–25.) Though not as strongly, this testimony also tends to show that Royal Caribbean had notice that the ping-pong balls on the rink posed a danger to the skaters.

That other Royal Caribbean employees testified they did not think the ping-pong balls posed a safety issue goes only to the weight of the evidence and credibility of the witnesses who testified to the contrary. Royal Caribbean's specific objection to Bean's testimony is similarly unavailing. Royal Caribbean complains that Bean's testimony, regarding his knowledge of the risks associated with ping-pong balls on the rink, should be discounted for a couple of reasons. First, Royal Caribbean maintains that, because "there is no evidence that he had any knowledge of a dangerous condition existing *before* [the] Plaintiff's accident" (Def.'s Reply, ECF No. 38, 2 (emphasis supplied)), Bean's testimony does not necessarily establish notice. But viewing the evidence this way would be contrary to the requirement that the Court view the evidence in the light most favorable to the plaintiff, as the non-moving party. Second, says Royal Caribbean, Bean himself had no responsibility for the rink's maintenance. But this does not speak to whether Royal Caribbean had notice of the risk-creating condition. Royal Caribbean's *Chief Safety* Officer's awareness of the danger the ping-pong balls posed is evidence enough, for the purposes of surviving a motion for summary judgment, that Royal Caribbean itself had actual notice of the safety issue. In sum, the evidence O'Malley presents, raises a genuine issue of material fact with respect to Royal Caribbean's notice of the potential danger associated with allowing ping-pong balls to fall and remain on the rink while passengers were skating.[2]

---

[2] O'Malley also presents evidence she claims shows that safety netting was not, but could have been, used to prevent ping-pong balls from falling onto the rink on the day she fell. The Court does not find this evidence especially probative regarding the particular issues raised by Royal Caribbean's motion and so has not considered it in denying summary judgment. O'Malley also presents testimony from her liability expert, Captain Edward Gras. The Court has not considered this testimony either because United States Magistrate Judge Edwin G. Torres granted Royal Caribbean's motion to strike this expert.

### B. There is a genuine issue of material fact with respect to whether the dangerous condition was open and obvious.

The duty of care owed by a cruise operator to its passengers is ordinary, reasonable care under the circumstances. *Keefe*, 867 F.2d at 1322; *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1237 (S.D. Fla. 2017) (Moreno, J.). This duty includes a "duty to warn of known dangers that are not open and obvious." *Frasca v. NCL (Bahamas) Ltd.*, 654 Fed. App'x. 949, 952) (11th Cir. 2016) (citations omitted); *Isbell*, 462 F.Supp.2d at 1237 (quoting *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp.40 (S.D. Fla. 1986) (Scott, J.)); *Lugo v. Carnival Corp.*, 154 F.Supp.3d 1351, 1346 (S.D. Fla. 2015) (Moore, J.). In determining whether a dangerous condition is open and obvious, courts apply the "reasonable person" standard. *Frasca*, 654 Fed. App'x. at 952 (citations omitted). "Open and obvious conditions are those that should be obvious by the ordinary use of one's senses." *Poole v. Carnival Corp.*, No. 14-20237-CIV, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015) (Cooke, J.).

There is no dispute that O'Malley was aware of the ping-pong balls on the rink floor; indeed, she can be seen, in the video Royal Caribbean submitted for the Court's review, picking them up and attempting to throw them back up to the balcony. But Royal Caribbean's reliance on this evidence alone does not show that O'Malley was necessarily aware of the danger posed by the presence of the balls on the rink. In fact, Royal Caribbean does not point to any evidence that, through the use of one's ordinary senses, one would necessarily appreciate the *risk* associated with the ping-pong balls on the rink. In fact, as pointed out by Royal Caribbean, Royal Caribbean's Sports Staff Supervisor, Alana Milne, testified herself that she "never really thought a ping[-]pong ball would be a hazard because [she] would assume you could skate over it" and just "crush it." (Def.'s Reply at 1 (quoting Milne's Dep. at 46:12–18).) Based on the evidence presented, Royal Caribbean has not met its burden of establishing that there is no genuine issue of material fact with respect to whether a reasonable person would have appreciated the dangerous situation created by the presence of the ping-pong balls on the rink floor. That is, the Court finds, based on the record before it, a reasonable factfinder could conclude that the riskiness of the situation was not necessarily so open and obvious as to obviate Royal Caribbean's duty to adequately maintain a safe environment. *See, e.g.*, *Geyer v. NCL (Bahamas) Ltd.*, 204 F. Supp. 3d 1354, 1358 (S.D. Fla. 2016) (Altonaga, J.) (noting that a reasonable jury could conclude that, even though a plaintiff readily perceived children running and sliding in an aqua park, the associated danger of one of them knocking him down was not necessarily open and obvious).

### 4. Conclusion

Accordingly, the Court **denies** the Defendant's motion for summary judgment (**ECF No. 32**).

**Done and ordered**, at Miami, Florida, on September 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge